UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN E. DRAIM,

      Plaintiff,

      v.

VIRTUAL GEOSATELLITE HOLDINGS, INC.,
*et al.*,

      Defendants.

Civil Action No. 01-2690
(JMF)

**MEMORANDUM OPINION**

Currently pending and ready for resolution are the following three motions: 1) defendants' Motion to Amend Findings of Fact, Conclusions of Law and Order [#77] ("Mot. to Amend"), 2) defendants' Motion for a New Trial [#78], 3) defendants' Motion for Leave to File Reply to Plaintiff's Opposition to Defendants' Motion for a New Trial [#82], and 4) defendants' Motion to Strike Surreply Filed by Plaintiff [#84]. The first two motions will be denied. The third motion will be granted nunc pro tunc and the fourth motion will be denied nunc pro tunc.

**Defendants' Motion to Amend**

As I indicated in my Findings of Fact, Conclusions of Law and Order ("Findings") issued May 15, 2006, plaintiff John Draim ("plaintiff" or "Draim") was

entitled to be compensated for being the inventor of eleven patents but was not paid the bonuses that were due him.  I therefore awarded plaintiff $78,125.02, plus prejudgment interest, premised on plaintiff's claim that he was entitled to the payment of bonuses for patents issued after he resigned from the defendants' employ and in which he was a named inventor.

At the trial, Draim testified as to each of these patents and the amounts he was due.  Each patent was admitted into evidence and Draim testified as to what was due him on each patent. Transcript of Trial on April 18, 2006 ("Tr."). Draim also explained that if there were more than one inventor on a patent, each of the inventors was to receive a pro rata share of the patent bonuses.  He indicated, however, that on two or three occasions he received more than his pro rata share because "[he] was basically the inventor and did all of the work and Dr. Castiel agreed to pay [him] the entire amount, in at least one case where he was listed as the co-inventor." Tr. at 18.  He was never told that any of these excess payments were to be credited toward any future payment that would be due him for the patents that were issued. Tr. at 18-19.

During his testimony, Castiel testified as to fourteen exhibits that were ultimately admitted into evidence. They were checks, invoices from Draim, and computerized payroll stubs showing payments to Draim.  The payments evidenced by these exhibits totaled according to Castiel $85,000.  At no point, however, did either Castiel or his counsel relate each of these payments to the specific patents that Draim had identified. Nor, for that matter, was Draim confronted with these payments on cross examination and asked whether they proved that he had been paid what was due him for the eleven patents.

I therefore concluded that defendants had presented no evidence at trial that Draim was paid more than he was due for the eleven patents. Findings, ¶ 14.

Now, under the guise of moving me to "amend" my Findings, defendants tender two "exhibits," i.e., Draim's answers to interrogatories and a chart.  The chart, attached as Exhibit B to Motion to Amend, purports to relate the payments made to Draim, as evidenced by the fourteen exhibits, to the eleven patents at issue.  It nearly goes without saying that the interrogatory answers were neither (a) listed as proposed exhibits in the pre-trial statement nor (b) admitted into evidence at trial.

But, the pre-trial procedures order in this case required each party to exchange their exhibits and to list all of them.  The interrogatory answers and the chart were neither exchanged nor listed in the pre-trial statement.

Additionally, these two items, having not been admitted into evidence at trial, certainly should not be considered for the first time in a motion made pursuant to Rule 52(b)[1] of the Federal Rules of Civil Procedure after I have issued Findings and entered judgment. Aybar v. Crispin-Reyes, 118 F.3d 10, 16-17 (1st Cir. 1997); Fontenot v. Mesa Petroleum, 791 F.2d 1207, 1219-20 (5th Cir. 1986); RKI Inc. v. Grimes, 200 F. Supp. 2d 916, 920-21 (N.D. Ill. 2002); Hollis v. Buffalo, 189 F.R.D. 260, 262-63 (W.D.N.Y. 1999).

A moment's thought indicates how pernicious any other rule would be.  These defendants did not list the chart or the answer to interrogatories in their pre-trial statement and did not introduce them at trial.  Thus, Draim and his counsel never saw the chart, never had the opportunity to cross examine its creator, nor meet its significance with

---

[1] "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b).

3

proof of their own.  To consider that material now and to amend the findings because of it would break the most fundamental rule of fairness that should attend the trial process.

Defendants also seek to amend on additional grounds.  In my Findings, I found little or no evidence that Draim participated in a conspiracy to steal the intellectual and other property of Castiel and the entities he controlled.  Defendants quarrel with that conclusion, finding that the Patent and Trademark Office's ("PTO") decision to reexamine certain patents clearly demonstrates that Draim willfully and knowingly entered into activities that were designed to interfere with Ellipso's intellectual property, in violation of a Delaware injunction. Mot. to Amend at 4.

First, as I will explain, events that occur after the trial cannot possibly be the predicate for a new trial under Rule 59 of the Federal Rules of Civil Procedure.  Nor do I understand how an event that occurred after trial can possibly serve as a basis to amend findings that have to be premised on the evidence heard at the trial.

Second, the significance of the PTO's most recent order is, to date, unknown.  Whether there is additional support for defendants' assertion that Draim participated in a conspiracy to steal Castiel's property will only be known, if at all, after the PTO issues its final determination.  Until that occurs, the statement that the order of reexamination in itself proves anything about Draim's participation in a conspiracy is wild, hyperbolic speculation.

Finally, Draim, returning to the trial record, claims that the testimony of James R. Merino contradicts my determination that there was little or no evidence of Draim's participation in a conspiracy.  While Merino testified that Draim participated in the conspiracy to transfer the business plan of the Castiel interests to the Sehagen interests,

4

he provided no evidence whatsoever of the nature, extent, or manner of Draim's participation. Tr. at 142-47.  He admitted that he did not know if Draim used a computer and its software, said to be stolen from a Castiel entity. Tr. at 142.  The sum and substance of the facts of his testimony as to Draim was that he heard Sehagen tell Neel Howard that Draim should sue Castiel to put more pressure on Castiel. Tr. at 144. He recalled that he and a woman named Lauri Herwig told Draim that they thought Draim's suing Castiel was not a good idea and Draim seemed to be thinking about their point of view. Tr. at 145-47.  I find nothing in that testimony to establish any participation by Draim in a conspiracy to steal anything from the Castiel interests.  Obviously, I have found that Draim's lawsuit has merit and I do not find that his bringing it is evidence of any conspiracy but an honest assertion of his rights.  Furthermore, if pressed to do so, I would certainly credit Draim's testimony as to his motives for bringing the lawsuit in good faith as opposed to Merino's speculations as to Draim's "real" motives.

### Defendants' Motion for a New Trial

The defendants have also moved, pursuant to Rule 59 of the Federal Rules of Civil Procedure, on the grounds that on the day after I issued my Findings, the PTO stated that the claims in a certain patent, for which plaintiff sought compensation in this case, would be reexamined.

Defendants' reliance on Rule 59 is misplaced insofar as they assert that the action by the PTO, which occurred after trial and after I issued my Findings, is newly discovered evidence.  What the PTO did is an event that occurred after trial and not evidence that was in existence when the trial took place but was only discovered after the trial.  Hence, a motion under Rule 59 cannot reach such a development.  Instead, relief

5

must be sought under Rule 60. <u>Nat'l Anti-Hunger Coal. v. Executive Comm. of the President's Private Sector Survey on Cost Control</u>, 711 F.2d 1071, 1075 n.3 (D.C. Cir. 1983); <u>Washington v. United States</u>, 214 F.2d 33, 46-47 (9th Cir.), cert. denied, 348 U.S. 862 (1954).  <u>See</u>, <u>e.g.</u>, <u>Kramer v. Gates</u>, No. 05-5385, slip op. at 6-7 (D.C. Cir. March 6, 2007); <u>Twelve John Does v. District of Columbia</u>, 841 F.2d 1133 (D.C. Cir. 1988).  As Judge Holzoff noted:

> This is an unusual proceeding. The petition before the Court is entitled, 'A Motion to Vacate and Set Aside Judgment'. It states that it is based on newly discovered evidence. Actually, however, the basis of the motion is not newly discovered evidence, in a technical sense, because the new facts are based on occurrences that took place after the original judgment or order was granted.
>
> A motion based on newly discovered evidence may be predicated only on evidence which was in existence prior to the judgment sought to be set aside but which could not have been discovered by due diligence. The moving party, however, further relies on Rule 60(b)(5) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which authorizes the Court to relieve a party from a final judgment, order or proceeding if it is no longer equitable that the judgment should have prospective application. In other words, this provision of the rule permits the reopening of a judgment as a result of supervening events occurring after the judgment was rendered. The power, naturally, should be very cautiously and sparingly invoked by the Court and only in unusual and exceptional instances.

<u>Petition of Boeing Airplane Co.</u>, 23 F.R.D. 264, 265 (D.D.C. 1959), rev'd in part on other grounds, 280 F.2d 654 (D.C. Cir. 1960).

  The parties have not addressed whether defendants are due relief from the judgment under Rule 60 and I will not reach that question now.  In the meanwhile, however, the defendants' Motion for a New Trial must be denied.

  An Order accompanies this Memorandum Opinion.

                                                __/S/_____
                                                **JOHN M. FACCIOLA**
**March 14, 2007**                          **UNITED STATES MAGISTRATE JUDGE**