UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN E. DRAIM,

    **Plaintiff,**

    v.

VIRTUAL GEOSATELLITE HOLDINGS, INC., *et al.*,

    **Defendants.**

Civil Action No. 01-2690
(JMF)

## MEMORANDUM OPINION

Before me is Defendants' Motion for Reconsideration of its Rule 60(b) Motion for Relief from Final Judgment [#97] and Defendants' Rule 62(b) Motion for Stay of Final Judgment [#98]. For the reasons given below, I will deny the latter but permit plaintiff to speak to the merits of the former.

### Procedural History

Judgment was entered in plaintiff's favor on May 15, 2006 and on March 14, 2007, I denied Defendants' Motion for a New Trial. Defendants then filed a Notice of Appeal as to that motion and as to the judgment that had been entered earlier.

On July 9, 2007, defendants filed Defendants' Rule 60(b) Motion for Relief from Final Judgment [#91], which I denied by minute order because this Court lacks jurisdiction once a notice of appeal is filed. Defendants now move me to reconsider that order and I shall do so.

My previous ruling, in which I concluded that this Court lacks jurisdiction to grant defendants relief from the final judgment, was unfortunately half-right. While this Court may not grant a motion made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure while an appeal is pending unless the case is remanded from the court of appeals to this Court for that express purpose, this Court may *consider* the motion, despite the pendency of the appeal. This Court may then indicate whether it intends to grant the motion. If this Court intends to grant the motion, the movant may then seek a remand from the court of appeals so that this Court can act. Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991); Greater Boston Television Corp. v. FCC, 463 F.2d 268, 280 n.22 (D.C. Cir. 1971); Smith v. Pollin, 194 F.2d 349 (D.C. Cir. 1952). I will therefore consider the motion for that limited purpose. In addition, since plaintiff spoke only to the jurisdiction issue in its opposition, I will grant him additional time in which to speak to the merits of defendants' Rule 60(b) motion.

I will, however, deny Defendants' Rule 62(b) Motion for Stay of Final Judgment. Once an appeal is taken, the filing of a supersedeas bond that meets the approval of the court of appeals stays a final judgment. Fed. R. Civ. P. 62(d). The same rule permits this Court to rule upon a motion filed pursuant to Rule 60 "[o]n appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(a). Since simultaneous consideration of a case by the court of appeals and this court is the exception and not the rule, the Rule does not give any guidance as to which court should require the bond and it is illogical to expect that both will. I will therefore resolve the uncertainty in favor of the court of appeals and deny Defendants' Rule 62(b) Motion for Stay of Final Judgment without

prejudice to defendants' filing a supersedeas bond that is satisfactory to the court of appeals.

    An Order accompanies this Memorandum Opinion.

                                                  _____/S/_____
                                                  JOHN M. FACCIOLA
                                                  UNITED STATES MAGISTRATE JUDGE

September 24, 2007