UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**NOV - 4 2009**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN E. DRAIM,

    Plaintiff,

    v.

VIRTUAL GEOSATELLITE
HOLDINGS, INC., *et al.*,

    Defendants.

Civil Action No. 01-2690 (JMF)

MOBILE COMMUNICATIONS
HOLDINGS, INC., *et al.*,

    Plaintiffs,

    v.

JOHN E. DRAIM,

    Defendant.

Civil Action No. 02-0775 (JMF)

**MEMORANDUM OPINION**

On July 29, 2009, final judgment was entered in favor of plaintiff. Currently pending and ready for resolution is Virtual Geosatellite Holding, Inc. and Mobile Communications Holdings, Inc.'s Motion to Reopen Time to File Appeal ("Defs. Mot.") [#133].

I.    The Parties' Positions

Defendants concede that, under Rule 4(a)(1) of the Federal Rules of Appellate Procedure ("FRAP"), any appeal of this court's final judgement was due by August 28, 2009. Defs. Mot. at 2. Defendants argue that they never received the Electronic Case Filing ("ECF") notification of

the court's entry of judgment and that, since no party would be prejudiced by an extension, their request for an additional fourteen days within which to file a notice of appeal should be granted. Id. at 1, 3.

Plaintiff argues that defendants have failed to meet the requirements of either FRAP 4(a)(5) or 4(a)(6) and that their motion should be denied. Memorandum in Opposition to Motion to Reopen Time to Appeal ("Opp.") at 1.  Plaintiff argues further that the court's ECF records reflect that notice was sent to defendants' counsel at the proper email address, that counsel has an independent responsibility to monitor the docket, and finally, that plaintiff would be prejudiced if defendants were allowed to file an appeal. Id. at 1-4.

In their reply, defendants concede that it would have been more prudent for them to have checked the docket but maintain that relief is still available to them irrespective of whether the ECF notification to them did occur:

> It may have been wiser to check to the docket and not rely on ecf notice, but we did not check the docket, expecting to receive the ecf notice.  It is remotely possible, although improbably, that the email notice was deleted inadvertently.  We will never know.  But this is again irrelevant to the plain fact that notice was never received.  It therefore does not matter whether the clerk mailed or ecf's the notice; if it was not actually received, relief is still available under Rule (4) (a) (6).

Reply Memorandum in Support of Motion to Reopen Time to Appeal at 2.

II.    Analysis

A.    Jurisdictional Nature of the Filing of a Notice of Appeal

The Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional,'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs

v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982)), when the time period is prescribed by

Congress as opposed to a particular court. Bowles, 551 U.S. at 210-11.  Expanding upon the

rationale behind its interpretation of statutory limitations, the Court stated the following:

> Jurisdictional treatment of statutory time limits makes good sense.
> Within constitutional bounds, Congress decides what cases the
> federal courts have jurisdiction to consider.  Because Congress
> decides whether federal courts can hear cases at all, it can also
> determine when, and under what conditions, federal courts can
> hear them.

Id. at 212-13.  Because Rule 4 of the FRAP gives effect to a Congressionally implemented

limitation on the filing of an appeal, codified at 28 U.S.C. § 2107(a), it is jurisdictional in nature.

Id. at 208, 210-12.

      B.    Relief Available Under FRAP 4(a)(6)

FRAP 4(a)(6), the basis upon which defendants' motion is made, provides that a district

court may reopen the time for filing an appeal if all of the following conditions are met:

> (A) the court finds that the moving party did not receive notice
> under Federal Rule of Civil Procedure 77(d) of the entry of the
> judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order
> is entered or within 7 days after the moving party receives notice
> under Federal Rule of Civil Procedure 77(d) of the entry,
> whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FRAP 4(a)(6).

Under Rule 77(d) of the Federal Rules of Civil Procedure, "lack of notice of the entry [of

an order or judgment] does not affect the time for appeal or relieve–or authorize the court to

relieve–a party for failing to appeal within the time allowed, except as allowed by Federal Rule

of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d). Returning once again to Rule 4, the

Advisory Committee Notes provide much needed illumination as to the meaning of the word

"notice":

> Subdivision (a)(6)(B). Former subdivision (a)(6)(A) required a
> party to move to reopen the time to appeal "within 7 days after the
> moving party receives notice of the entry [of the judgment or order
> sought to be appealed]." Former subdivision (a)(6)(A) has been
> redesignated as subdivision (a)(6)(B), and one important
> substantive change has been made: The subdivision now makes
> clear that *only formal notice of the entry of a judgment or order
> under Civil Rule 77(d) will trigger the 7-day period to move to
> reopen the time to appeal.*

Advisory Committee Note to 2005 Amendments, Fed. R. Civ. P. 4 (emphasis added).

The next question is what constitutes formal notice in the District Court for the District of

Columbia. On January 31, 2001, this court went live on the Administrative Office of the U.S.

Court's PACER ("Public Access to Court Electronic Records") system, a service which provides

on-line access to court records and documents nationwide. District of Columbia Court

Information, http://ecf.dcd.circdc.dcn/cgi-bin/CourtInfo.pl (last visited Oct.1, 2009). Pursuant to

Local Civil Rule 5.4, parties are required, unless they are proceeding *pro se*, to have their

attorneys register with the court's ECF system. See LcvR 5.4.

According to court records, defendants' attorney Tom Patton did register with the court's

ECF system. See Attachment A. In addition, Mr. Patton was required to fill out an

Attorney/Participant Registration Form. In so doing, Mr. Patton agreed to accept service of

notice of court orders by various means, including authorized e-mail. See Attachment B, ¶3.

In the dispute currently before the court, the sole issue is whether Mr. Patton received

official notice, via e-mail, of the court's issuance of its final judgment on July 29, 2009.

4

According to a report generated by the court's ECF Coordinator, on July 29, 2009 at 14:36:55

(2:36 p.m.) notice was successfully e-mailed to Mr. Patton at "tpatton@tighepatton.com". See

Attachment C.

As noted above, pursuant to FRAP 4(a)(6), the time period for filing an appeal may be

reopened by the district court if the party did not receive notice of the order or judgment within

21 days after its entry and the extension is sought (1) within 180 days after the entry of the order

or judgment or (2) within 7 days of actual receipt and (3) neither party is prejudiced.  Therefore,

the only question presented is whether I can, on this record, conclude that the "moving party did

not receive notice" of the entry of judgment. See Benavides v. Bureau of Prisons, 79 F.3d 1211,

1214 (D.C. Cir. 1999) ("Note that Rule 4(a)(6), unlike Rule 4(a)(5), does note require that the

party seeking to file an otherwise untimely notice of appeal show 'excusable neglect or good

cause' or any other facts in mitigation of his tardiness.").

First, I begin with the premise that the Local Rules of this Court provide that service of

judgment and orders by the Clerk of the Court are to be transmitted to counsel electronically and

that such transmittal has the same effect as service by a paper document through the mail.

Specifically, the pertinent rule provides:

> (1) The filing of any document electronically following procedures
> set forth in this Rule constitutes filing for all purposes under the
> Federal Rules of Civil Procedure and the Local Rules of this Court.
>
> (2) A person filing a document by electronic means is responsible
> for insuring the accuracy of the official docket entry generated by
> the CM/ECF software.
>
> (3) Any document, order, or notice filed or docketed electronically
> by the Court or by the Clerk shall have the same binding authority
> as one filed on paper.

5

LCvR 5.4(c).

Additionally, by securing and using the password-based CM-ECF system, defendants'

counsel consented to service by electronic means.  The rule provides:

> (6) An attorney or pro se party who obtains a CM/ECF password
> consents to electronic service of all documents, subsequent to the
> original complaint, that are filed by electronic means pursuant to
> F.R.Civ.P. 5(b)(2)(D). Such counsel and pro se parties are
> responsible for monitoring their e-mail accounts, and, upon receipt
> of notice of an electronic filing, for retrieving the noticed
> filing.

LCvR 5.4(b)(6).

Thus, by securing the password and participating in the system, defendant's counsel

agreed that service by the Clerk's office was legitimate and just as binding as service by mail.

He nevertheless asks me to find that the very system that he agreed to use should not bind him,

upon his representation that he did not receive electronic notice of filing.  Whether he did is the

express question that I must resolve in defendant's favor before I can even consider relief under

the rest of Rule 4(a)(6).  Under that rule, such relief may be granted "only if" I find that counsel

did not receive electronic notification of the entry of judgment.

In resolving that question of fact, I rely on the traditional principle that I may draw or

refuse to draw inferences from the known facts.  I also rely upon my common sense.  See D.C.

Std. Civ. Jury Instr. No. 2-3 ("When you are considering the evidence . . . you are not limited

solely to the statements of the witnesses.  You are permitted to draw from the evidence any

inferences or conclusions that reason and common sense lead you to make.").

I know that the Clerk's office transmitted the entry of judgment electronically to

6

defendant's counsel at the e-mail address counsel specified.  I also know that (1) the Clerk's

office's use of that e-mail address had successfully transmitted every other notice, opinion and

order to defendant's counsel, (2) opposing counsel's use of that e-mail address to serve

defendant's counsel has also been invariably successful, and (3) defendant's counsel has received

service by the Clerk or opposing counsel of every other electronic filing except for the entry of

judgment.

Using my common sense, I know that, except in science fiction, computers do not have

minds of their own and that they only do what they were programmed to do.  Thus, the Clerk's

office's computer was programmed to send the notice to counsel's e-mail address and counsel's

computer was programmed to receive it.  There is no evidence whatsoever upon which I could

predicate the conclusion that on the day the entry of judgment was transmitted, either one or the

other or both malfunctioned and did not do what they were programmed to do when they

performed perfectly on every other occasion.  I cannot be faithful to my responsibility to find

facts in accordance with the evidence by reaching a conclusion that it is at war with every known

fact.  Indeed, on this record, I am asked to find that the impossible occurred even though there is

absolutely no reason to believe it did.

The motion must, therefore, be denied.  An Order accompanies this Memorandum

Opinion.

Dated:  11/03/09

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

7